### WILLIAM CONRAD, ET AL., *v.* W. G. CONRAD'S EX'RS.

**Executor—Duty in Taking Sale Notes.**

> It is the duty of an executor in taking sale notes to act with the same prudence and vigilance as is to be expected of a prudent man in the management of his own affairs, and when he thus acts, and from the real and personal property in possession of men signing a sale note, he believes them responsible for the amount of said note, and he accepts it, his inability to collect the note will not prevent him from taking credit for the amount of the note in final settlement.

#### APPEAL FROM GRANT CIRCUIT COURT.

#### October 2, 1878.

OPINION BY JUDGE ELLIOTT:

This was suit was brought to settle the estate of William J. Conrad, deceased, and for a proper construction of his will. The will was construed, and on appeal to this court that construction was adjudged to be correct.

On the settlement of the estate the appellees were allowed credit for the debt of J. C. and S. C. Sayres, amounting to $523.50.

It is contended by appellant, R. I. Blackburn, guardian of William Conrad, Jr., one of the devisees, that a man by the name of Turpin bid off property at the sale of W. G. Conrad's estate to the amount of $523.50; and the executors at the close of the sale took the note of J. C. Sayres with S. C. Sayres security for the amount so bid by Turpin under some arrangement between the parties.

The only evidence that the Sayres took Turpin's place and executed the note for the property he had purchased is that the notes of Sayres amounted exactly to the sum as the sale bill charges Turpin to be indebted for property purchased by him at the sale. There is no evidence except as before stated that the note executed by J. C. and S. C. Sayres was for the property bid off by Turpin, and there is no evidence except the statement in the sale bill that Turpin purcased any property at the sale.

One of the executors swears that the note in dispute was executed by the Sayres for property bought by J. C. Sayres at the sale, and there is no evidence that such was not the fact. The property for which the note was executed may have been bid off by Turpin and charged to him on the sale bill; but on the execution of the note for the purchase it may have turned out that Turpin bid off the property as the agent of J. C. Sayres, and that J. C. Sayres was the real pur-

chaser; but as we before remarked there is no evidence that Sayres' note was executed for the property purchased by Turpin, and as the executor swears that it was for J. C. Sayres' own debt, the only question for determination is as to whether the executors were entitled to a credit for it in their settlement of the estate.

The evidence authorized the conclusion to which the executors came when they took the note, that J. C. and S. C. Sayres were good for its amount. It was the duty of the executors to act with the same prudence and vigilance as are to be expected of a prudent man in the management of his own affairs. *Moore's Ex'rs v. Beauchamp*, 4 B. Mon. 71.

We are of opinion that if the Sayres were not good, a prudent man would have been authorized, from the real and personal property in their possession as is owned by them, to regard them good for the amount of the note in dispute.

Wherefore the judgment of the court below is *affirmed*.

*J. M. Collins, for appellants.　E. H. Smith, for appellees.*